UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING; BARBARA SIKKING; AND LEON-QIYAM POGUE,<br><br>Plaintiffs,<br><br>v.<br><br>HOUSING OF URBAN DEVELOPMENT (HUD), et at.,<br><br>Defendants. | Case No.: 19-CV-1004 JLS (KSC)<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>(ECF Nos. 14, 15) |

Presently before the Court are two motions to dismiss, the first filed by Defendant Richardson C. Griswald (ECF No. 14) and the second filed by Defendants City of San Diego, San Diego Attorney's Office, Mara Elliot, Deputy City Attorney Onu Omordia, and San Diego Planning & Development Code Enforcement Division (ECF No. 15) (together, the "Moving Defendants"). Plaintiffs have not filed any response to the Motions.

Under the Southern District's local rules, "[i]f an opposing party fails to file [an opposition] . . . that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. L. R. 7.1(f)(3)(c). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). In determining whether to dismiss for

failure to follow local rules, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the Court finds that after weighing the factors, dismissal is appropriate. Starting with the first two factors, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket both weigh in favor of dismissal. The third factor also weighs in favor of dismissal because the Court finds no risk of prejudice to Defendants if the claims against them are dismissed. The fourth factor always weighs against dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (noting the fourth factor always weighs against dismissal). Finally, the fifth factor weighs in favor of dismissal because it is "unnecessary for the Court to consider less drastic alternatives" where the plaintiff does not oppose dismissal. *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016).

Accordingly, the Court **GRANTS** the Moving Defendants' Motions (ECF Nos. 14, 15) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against the Moving Defendants. Plaintiffs may file an amended complaint, if any, within <u>thirty (30) days from the date this Order is electronically docketed</u>. Failure to file within the time allotted will result in the dismissal of the claims against the Moving Defendants without leave to amend.

**IT IS SO ORDERED**

Dated: October 28, 2019

Hon. Janis L. Sammartino
United States District Judge