UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING, et al.<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD C. GRISWOLD, et al.<br><br>Defendants. | Case No.:   19CV1004-LAB (KSC)<br><br>**ORDER DISMISSING DEFENDANT JPMORGAN CHASE BANK, N.A.** |

On August 4, 2020, the Court issued an order pointing out that Plaintiffs had not properly served Defendant JPMorgan Chase Bank, N.A. Although they had attempted service on JPMorgan Chase twice, they had not complied with Fed. R. Civ. P.'s requirements. The first proof of service was inadequate because it merely said a copy of the complaint had been mailed to JP Morgan Chase. The second proof of service was inadequate because it showed that the process server mailed papers to "Chase Bank" at a San Diego branch address.

The August 4 order directed them to serve JPMorgan Chase in as required under Fed. R. Civ. P. 4, and *sua sponte* extended the deadline for service to August 24, 2020.  If they failed to serve JPMorgan Chase and to file proof of service by that date, the order cautioned them that claims against JPMorgan Chase would be dismissed without prejudice and JPMorgan Chase would be dismissed as a

1  Defendant. The order specifically cautioned them that proof of service must show
2  full compliance with the requirements of Fed. R. Civ. P. 4. The order pointed
3  Plaintiffs to the California Secretary of State's website, which identifies JPMorgan
4  Chase's agents for service of process. The order also cited Fed. R. Civ. P. 4(m)'s
5  requirement that, unless the Court extended the time for service, the complaint
6  must be dismissed as to the unserved Defendant.

7  Plaintiffs then filed a proof of service saying that their process server mailed
8  some unspecified document or documents to "Chase Bank" in New York on August
9  18. Even if this were acceptable, the address where service was supposedly
10 accomplished is not Defendant JPMorgan Chase Bank, N.A.'s current address.
11 Instead, the papers were mailed to the former address of JPMorgan Chase's
12 parent company, JPMorgan Chase & Co. This address is the site of the now-
13 demolished Union Carbide Building in Manhattan.

14 The Court then again *sua sponte* extended the time for Plaintiffs to serve
15 Defendant JPMorgan Chase, N.A. with process and to file proof of service, to
16 September 8, 2020.  (*See* Docket no. 54.) That order pointed out that JPMorgan
17 Chase's address is in Ohio, and its agent is C T Corporation System, with in-state
18 agents in Los Angeles. (Id. at 2:15–16.) They were cautioned that their new proof
19 of service "must show fully compliance with Fed. R. Civ. P. 4, which includes
20 identifying the documents that were served."  (Id. at 2:19–20.) They were also
21 cautioned that failure to meet this deadline would result in JPMorgan Chase being
22 dismissed as a party.

23 On September 14, a week after the deadline passed, Plaintiffs filed a notice,
24 claiming they had served JPMorgan Chase by mailing something to "Chase Bank"
25 at a different address in New York. The proof of service does not say what was
26 mailed.
27 / / /
28 / / /

1 | All claims against JPMorgan Chase are **DISMISSED WITHOUT PREJUDICE** and JPMorgan Chase is **DISMISSED** as a party, for failure to serve. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

Dated: September 23, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge