UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING, et al.<br><br>                       Plaintiffs,<br><br>v.<br><br>RICHARD C. GRISWOLD, et al.<br><br>                       Defendants. | Case No.:  19CV1004-LAB (KSC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

      Plaintiffs brought this action against JPMorgan Chase Bank, N.A. and other Defendants. Multiple documents attached to the second amended complaint show that their complaint was brought against JPMorgan Chase Bank, N.A., and not some related entity with "Chase" in its name. Plaintiffs repeatedly failed to serve this Defendant and to provide proof of service as ordered. First, their process server mailed a copy of the first amended complaint without the summons to an unspecified address.  (Docket no. 11.) Then the process server mailed unspecified documents to a local branch of Chase Bank in San Diego. (Docket no. 34.)

      When Plaintiffs sought entry of default against JPMorgan Chase Bank, the Court issued an order explaining why they had not adequately served JPMorgan Chase Bank. (Docket no. 47.) The order pointed out that JPMorgan Chase Bank's

address could be found on the California Secretary of State's website. That order cited Fed. R. Civ. P. 4(m)'s requirement that each Defendant be served within 90 days of filing the complaint. If a defendant is not served and if the Court does not extend the time for service, the complaint must be dismissed as to that defendant. Fed. R. Civ. P. 4(m).

The Court *sua sponte* extended the time for service on JPMorgan Chase Bank, and ordered them to file proof of service showing full compliance with Fed. R. Civ. P. 4. They were cautioned that if they failed to do this, the complaint would be dismissed as to JPMorgan Chase.

Plaintiffs then filed another declaration of service (Docket no. 53) saying that they had delivered a copy of some unspecified document to "Chase Bank" in New York. The Court again issued an order, explaining why service was inadequate. (Docket no. 54.) Specifically, the Court pointed out that they had not served JPMorgan Chase Bank, but instead had mailed papers to the former address of its parent company, JPMorgan Chase & Co. The address they mailed the papers to was the now-demolished Union Carbide Building in Manhattan.  This order pointed out that JPMorgan Chase Bank's headquarters are in Ohio, not New York, and that it maintains local agents for service of process in Los Angeles. The Court then *sua sponte* extended the time to serve JPMorgan Chase Bank, and to file proof of service. The Court ordered that the proof of service they were required to file had to show full compliance with Fed. R. Civ. P. 4, including identifying the documents that were served. The Court ordered that this be done by September 8, and cautioned Plaintiffs that no more extensions would be granted. If they did not meet the deadline, the Court cautioned them, claims against JPMorgan Chase Bank would be dismissed without prejudice and JPMorgan Chase Bank would be dismissed as a party.

Plaintiffs filed other documents, but they did not file proof of service. On September 23, nearly two weeks after the deadline passed, the Court dismissed

claims against JPMorgan Chase Bank without prejudice, and dismissed it as a party.

Plaintiffs then submitted a motion for reconsideration, arguing that the Court had made a mistake, and that in fact they had served this Defendant. Instead of obtaining a hearing date for their motion or filing it as an *ex parte* motion, they chose October 5, 2020 as the hearing date for their motion, which was improper. *See* Civil Local Rule 7.1(b). The motion also accuses the Court of serving as an advocate for this Defendant, and of violating its duty. There is no basis for any of these accusations.

The motion itself incorrectly claims that Plaintiffs have demonstrated that they have served JPMorgan Chase Bank three times. The motion points to two proofs of service that are attached as exhibits. They show only that someone mailed some unspecified documents to "Chase Bank" at two branch offices in Manhattan and El Cajon respectively.

There is no basis for reconsideration. The Court may *sua sponte* dismiss an action for failure to serve, after notice to a plaintiff. *See Holmes v. Metropolitan Police Dept.*, 698 Fed. Appx. 391, 392 (9th Cir. 2017) (citing Fed. R. Civ. P. 4(m)). Although the Court explained several times to Plaintiffs what Fed. R. Civ. P. 4 requires and gave them opportunities to comply, they repeatedly failed to serve this Defendant. Even if they had attempted to serve this Defendant either at its headquarters or through its designated agents, they would have had to serve both the summons and complaint. Mailing a complaint by itself does not suffice. Even after they were given more time and opportunities to serve this Defendant,

/ / /
/ / /
/ / /
/ / /
/ / /

Plaintiffs did not succeed in serving it as required, nor have they shown good cause for their failure to serve it.

The motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 1, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge