UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING, et al.<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD C. GRISWOLD, et al.<br><br>Defendants. | Case No.:   19CV1004-LAB (KSC)<br><br>**ORDER REQUIRING PLAINTIFF LEON-QIYAM POGUE TO UPDATE ADDRESS;**<br><br>**ORDER REQUIRING PLAINTIFFS TO CONTINUE LITIGATING THIS ACTION DILIGENTLY; AND**<br><br>**ORDER REQUIRING PLAINTIFFS JEFF AND BARBARA SIKKING TO NOTIFY CO-PLAINTIFF POGUE OF THIS ORDER** |

On September 23, after Plaintiffs repeatedly failed to serve Defendant JPMorgan Chase Bank, the Court dismissed claims against the bank, and dismissed the bank as a party. On October 2 the Court denied Plaintiffs' motion for reconsideration of that order, and the Court has continued to deny repeated requests for reconsideration of that decision. The Court did not, however, dismiss all claims, and several claims remain pending in the case.  In particular, Richard

1  Griswold and the City of San Diego remain as Defendants in this case, and their
2  respective motions to dismiss (Docket no. 32) are still pending.

3  Nevertheless, Plaintiffs appealed the Court's dismissal of JPMorgan Chase
4  Bank's dismissal to the Ninth Circuit. They also purported to appeal the entire case,
5  including rulings the Court has yet to make on the two pending motions to dismiss.
6  They have filed two separate notices of appeal, although both seek to appeal the
7  same things. The Ninth Circuit opened only one docket as to both notices of
8  appeal. It has issued a scheduling order, but has taken no other action.

9  Ordinarily, a notice of appeal deprives the District Court of jurisdiction over
10 the matters appealed. But a notice of appeal from a non-final, non-appealable
11 order does not deprive the Court of jurisdiction, and the Court may disregard it and
12 proceed to adjudicate the case. *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385,
13 389 (9th Cir. 1966). The Court's order dismissing claims against JPMorgan Chase
14 Bank is just such an order; it dismissed one Defendant and the claims against that
15 Defendant, but the action as a whole remains pending. *See* Fed. R. Civ. P. 54(b).
16 The other matters appealed are not orders at all; rather, Plaintiffs have
17 anticipatorily appealed other future rulings. The only two avenues for an
18 interlocutory appeal of the kind Plaintiffs are bringing are Fed. R. Civ. P. 54 and 28
19 U.S.C. 1292(b). *See Corbello v. DeVito*, 2012 WL 2782601, at *2 (D.Nev., July 9,
20 2012).  Neither applies here, and no final judgment has been entered.

21 The Court therefore disregards both notices of appeal, and **ORDERS**
22 Plaintiffs to continue prosecuting their claims in this Court, without waiting for the
23 outcome of their appeal. They must do this even if they disagree with the Court's
24 characterization of their appeal or the Court's reasoning in this order. If they fail to
25 prosecute their claims, this action may be dismissed without prejudice.

26 Beginning in late October, mail sent to Plaintiff Leon-Qiyam Pogue has
27 repeatedly been returned as undeliverable. (Docket nos. 72–77, 79–81.) But mail
28 / / /

sent to Plaintiffs Jeff and Barbara Sikking has not been returned, so presumably their address is up-to-date.

Civil Local Rule 83.11(b) requires parties proceeding *pro se* to keep both the Court and opposing parties advised as to their current address. Under that rule, if mail directed to *pro se* plaintiffs is returned by the Post Office, they must notify the Court within 60 days of their current address. Otherwise, the Court may dismiss the action without prejudice for failure to prosecute. *See Nunez-Martinez v. United States*, 2020 WL 42457, slip op. at *1 n.1 (C.D.Cal., Jan. 2, 2020) (holding that plaintiff's failure to keep the court apprised of his current address in violation of local rules amounted to lack of prosecution); Civil Local Rules 83.1, 83.11(b).

Plaintiff Pogue is **ORDERED** to file a notice of change of address in the docket as soon as possible, and in no event later than **December 28, 2020**. Pogue should **not** email his change of address, call chambers, or attempt to visit chambers in person. Instead, he should file it in the Clerk of Court's drop box or else file it by mail, leaving plenty of time for it to arrive and be docketed before the deadline. Plaintiffs Barbara and Jeff Sikking are **ORDERED** to notify their co-Plaintiff Pogue of this order promptly.

**IT IS SO ORDERED**.

Dated:  November 18, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge