UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING, et al.<br><br>Plaintiffs,<br><br>v.<br><br>RICHARDSON C. GRISWOLD, et al.<br><br>Defendants. | Case No.: 19CV1004-LAB (KSC)<br><br>**ORDER GRANTING IN PART MOTIONS TO DISMISS; AND**<br><br>**ORDER DISMISSING CLAIMS FOR LACK OF STANDING**<br><br>**[DOCKET NUMBERS 30, 32.]** |

Defendant filed two motions (Docket nos. 30, 32) to dismiss the second amended complaint ("SAC") (Docket no. 27). When Plaintiffs submitted what appeared to be multiple oppositions to each motion, the Court issued an order requiring them to file a single written opposition. (*See* Docket no. 51.)  The Court also pointed out that the oppositions they had filed up to that point were inadequate, and if allowed to stand as Plaintiffs' opposition, the motions would be granted.  Plaintiffs filed a new opposition (Docket no. 59), which the Court accepts as their opposition to the motions to dismiss. The motions are fully briefed and ready for adjudication.

The Court also separately ordered Plaintiff Qiyam-Leon Pogue to show cause why his claims should not be dismissed for lack of standing. His standing is addressed separately below.

**Motions to Dismiss**

### Legal Standards

The Court construes *pro se* pleadings liberally, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987), but will not supply facts plaintiffs have not pleaded. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982).

A Rule12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Fed. R. Civ. P. 8(a)(2), only "a short and plain statement of the claim showing that the pleader is entitled to relief," is required, in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. "[S]ome threshold of plausibility must be crossed at the outset" before a case is permitted to proceed. *Id.* at 558 (citation omitted). The well-pleaded facts must do more than permit the Court to infer "the mere possibility of conduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). But the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted).

**Request for Judicial Notice**

Defendant Richardson Griswold's motion (Docket no. 30) includes a request for judicial notice of state and federal court records and documents, which the request authenticates. The documents are all relevant and appropriate for judicial notice. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014). Plaintiffs have not opposed this request and do not dispute the documents' authenticity.

The request is **GRANTED**. The Court takes notice of these records for the purpose of recognizing the judicial acts or events that the orders or filings represent. *See Ramirez v. United Airlines, Inc.*, 416 F. Supp. 2d 792, 795 (N.D. Cal., 2005).

The noticed documents show that the State of California brought an action against Jeffrey and Barbara Sikking for public nuisance and violations of the San Diego Municipal Code, and seeking appointment of a receiver. The complaint alleged that since 2015 various code violations on the Sikkings' property required remediation, and that efforts to correct the violations had been ineffective. Specifically, the house was alleged to be dilapidated, infested with insects, extensively altered by unpermitted and unsafe means, and unsafe to live in. The house was alleged to present a fire hazard, and the outdoor area was alleged to be filled with piles of garbage and discarded belongings such as indoor furniture and carpeting. The property was alleged to be the site of extensive nuisance and violent criminal activity, which from 2014 through early 2017 resulted in the police being called to the property 117 times.

According to the complaint, Jeffrey Sikking told a City Attorney Investigator there were only two legitimate tenants on the property, and that he was trying to evict the transients, prostitutes, and drug users who were squatting on the property. The complaint alleges that in 2016, the house was damaged by two separate fires, both of which were determined to be caused by arson. The records

show that the state court appointed Griswold as receiver, and issued an order authorizing him to sell the property.

Plaintiffs brought two earlier actions in this Court. In case 17cv1091-BAS (JMA), Leon-Qiyam Pogue, Jeff Sikking, and Barbara Sikking sued both Griswold and the San Diego Superior Court. The case was dismissed after Plaintiffs failed to pay the filing fee or comply with Court orders. In case 18cv634-MMA (JMA), Jeff and Barbara Sikking sued Griswold, the San Diego City Attorney, and San Diego Code Enforcement. Griswold moved to dismiss for lack of jurisdiction as well as failure to state a claim. The motion, which Plaintiffs failed to oppose, was granted but the case was not immediately dismissed. Instead, the Court ordered Plaintiffs to show cause why the action should not be dismissed for lack of jurisdiction. When they failed to respond, the case was dismissed for lack of jurisdiction.

**Subject Matter Jurisdiction**

The Court is required to raise and address jurisdictional questions, *sua sponte* if necessary, whenever a doubt arises. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977). Subject matter jurisdiction is presumed to be lacking, until the party invoking the Court's jurisdiction proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The SAC cites various federal statutes in support of some of its eleven claims. These include claim 1 (quiet title), claim 4 (due process and equal protection), claim 5 (perjury and related claims), claim 6 (racketeering based on fraud, conspiracy, and embezzlement), claim 7 (fraud), and claim 8 (unjust enrichment and various torts). The SAC also includes a laundry list of violations of federal law. (SAC, ¶ 2.) The statutes are interwoven among the various claims.

The parties are not diverse. The SAC must therefore rely on federal question jurisdiction. However, it is clear almost none of the claims arise under the U.S. Constitution or any provision of federal law. For the bulk of the claims, the SAC must rely on supplemental jurisdiction. But before the Court can exercise

supplemental jurisdiction, the SAC must include a substantial federal claim. *See Hoeck v. City of Portland,* 57 F.3d 781, 785 (9th Cir.1995) (citing 28 U.S.C. § 1367(a)). As discussed below, none of the claims — including the federal claims — are adequately pled.

Defendants' briefing raised an additional jurisdictional issue, namely the rule announced in *Barton v. Barbour*, 104 U.S. 126 (1881). *See Freeman v. County of Orange*, 669 Fed. Appx. 348, 348 (9th Cir. 2016) (holding that the *Barton* rule is jurisdictional and applies to receivers appointed by state courts). Plaintiffs' opposition failed to address this at all. In its earlier order, the Court warned Plaintiffs that their failure to offer an effective opposition would result in the motions' being granted. The Court therefore finds that it lacks jurisdiction over any claims against Griswold.

**Abandonment**

When they amended, Plaintiffs omitted a number of Defendants they had named in their earlier complaints. As a result, claims against those Defendants are no longer part of this action, and those Defendants are no longer parties. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (because amended complaint supersedes earlier complaint, defendants not named in the amended complaint are no longer parties).

**Res Judicata, Collateral Estoppel, and Abstention**

The Court ordered Defendants to show whether the state court action was still pending, and Defendant Griswold filed a response (Docket no. 100) showing that the state court enforcement action is still pending and is likely to remain so for some time.

Defendants raise the defenses of res judicata and collateral estoppel. These both require a final decision on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). *See also Myung Choi v. Bd. of Trustees of Calif. State Univ.*, 2015 WL 13762166, at *4 (C.D. Cal., Feb. 13, 2015) (staying federal action

while waiting for a likely claim-preclusive state court order to become final on appeal). The state court action is not yet final. The dismissal in case 17cv1091 was based on failure to pay the filing fee. The decision in case 18cv634-MMA (JMA) that the Court lacked jurisdiction over the Sikkings' claims is final, though dismissal for lack of jurisdiction is not a decision on the merits for most purposes. *See generally Stewart*, 297 F.3d 953. Its preclusive effect is limited to issues actually decided, *i.e.*, that the Court had no jurisdiction over the claims raised there. *See Iinuma v. Bank of Am., N.A.*, 2015 WL 1247015, at *3 (D. Haw. Mar. 17, 2015). The only issue decided in case 18cv634 was that the Sikkings' sole claim, for an injunction prohibiting the sale of their home, had become moot when the home was sold. It has little application here.

Abstention, by contrast, applies when the state court action is still pending. Defendants ask the Court to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), although abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) may apply. But identifying which one applies is not crucial. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 n.9 (1987) (recognizing that identifying the correct type of abstention is less important than giving force to a "complex of considerations" intended to promote comity).

The Supreme Court has made clear that lower courts should not act to restrain either a state court criminal action or a civil action implicating important state interests, if the plaintiff has an adequate remedy at law. *Pennzoil*, 481 U.S. at 10–11. Here, entertaining Jeff and Barbara Sikking's claims that seek to relitigate or call into question the state court's rulings would fall afoul of *Younger*. To the extent any of those claims survive, the Court would likely be required to stay the case, pending the outcome of the state court enforcement action. *See Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004) (en banc) (holding that when damages are at issue, court should abstain by deferring judgment, rather than by dismissing the action).

**Receiver's Absolute Immunity**

Defendant Griswold also raised the defense of quasi-judicial immunity. As a court-appointed receiver, he contends, he is absolutely immune for acts taken to carry out the state court's orders. Plaintiffs have not attempted to show he acted in the clear absence of all jurisdiction, nor could they do so on the facts here. *See Mullis v. U.S. Bkrtcy Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding that a receiver derives his immunity from the judge who appointed him, and loses it only if he acts in the clear absence of all jurisdiction). The state court ordered Griswold to bring the property into compliance, and authorized him to sell it. At most, Plaintiffs claim Griswold acted improperly as he was carrying out those orders. This is not enough to strip him of immunity. *See New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1304 (9th Cir. 1989) (holding that malice, corrupt motives, or dishonesty do not deprive a court-appointed receiver of absolute immunity). His argument is well taken, *see id.* at 1302–03 (discussing immunity for court-appointed receivers) and Plaintiffs have not opposed it.

Immunity is not jurisdictional. *Alta Gold Mining Co. v. Aero-Nautical Leasing Corp.*, 656 Fed. Appx. 316, 318 (9th Cir., 2016). Nevertheless, it is clear Plaintiffs' claims against Griswold cannot succeed for this reason as well, and any amendment of claims against him would be futile.

**Failure to State a Claim**

The only named Defendants still in the case, besides Griswold, are the City of San Diego and the San Diego City Planning & Development, Code Enforcement Division. The only allegations the SAC makes against these two Defendants are that Griswold used their facilities to carry out his wrongful activities, that they knew what Griswold was doing, and that they could have prevented him from doing it but "sat idly by." (SAC, ¶¶ 7–8, 24–26.) The complaint never says which facilities were used, or how. It is likely that the SAC means (in part) that Code Enforcement agents were involved in the eviction. But if so, they are shielded by the same quasi-

judicial immunity, because they were carrying out the state court's orders and acting under its authority.

While sitting idly by while someone else commits a preventable wrong may be morally wrong, it generally does not create liability — at least, without a showing of some duty to act or some other involvement (such as ratification of the wrongful act). *See Jones v. Williams,* 297 F.3d 930, 936 (9th Cir. 2002) (rejecting bystander liability for constitutional violations); *Chuman v. Wright*, 76 F.3d 292, 294–95 (9th Cir. 1996) (refusing to lump all defendants together for purposes of § 1983 claim, and instead requiring that liability be based on each individual's own conduct).

None of the claims are adequately pled. In particular, those claims with a higher pleading standard (*e.g.* those premised on fraud or conspiracy to violate civil rights) are wholly conclusory. *See Blue Oak Medical Group v. State Compensation Ins. Fund*, 809 Fed. Appx. 344, 345 (9th Cir. 2020) (citing Fed. R. Civ. P. 9(b)) (holding that RICO claim premised on mail and wire fraud had to be pled with particularity); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989) (requiring that § 1983 claim for conspiracy to violate civil rights must be pled with particularity). The SAC alleges generally that "each Defendant conspired with each other," without providing any specifics, such as what they agreed to do. (*Id.*, ¶ 14.) the SAC also concludes, without pleading facts, that the underlying foreclosure and eviction were fraudulent and wrongful.

Furthermore, it is clear that some of the claims cannot be salvaged by amendment. For example, Plaintiffs attempt to sue Defendants under criminal statutes or other statutes that lack a private right of action. *See Grajeda v. Bank of America*, 2013 WL 2481548, at *2 (S.D. Cal., June 10, 2013) (collecting cases for the principle that criminal statutes generally do not create private rights of action).

The SAC as a whole cites numerous statutes and theories of recovery, without alleging any facts that would show why they apply. Claims 4 through 10

consist solely of labels, conclusions, and demands for damages or other relief; and reiterating that the eviction was wrongful, without explaining why. And the caption strings together at least 22 federal statutes, several California statutes, and various other torts or forms of relief (*e.g.*, defamation, libel and slander of title, quiet title, wrongful eviction, fraud, bad faith, trespass, malicious prosecution, bad faith, embezzlement, intentional infliction of emotional distress, stalking, and elder abuse).

At the heart of it, however, Plaintiffs are arguing that Griswold, with the City's complicity, wrongly took the property, evicted them, and sold it. The SAC implies that Griswold somehow deceived the state court into issuing orders permitting him to do all this for his own benefit, without explaining what he did or how any of the other Defendants were involved.

Assuming Plaintiffs have one or more viable claims, the Court will likely be required to abstain until the state court action concludes. But at present, they have not pled a substantial federal claim, or any other claim for that matter. There is no reason to stay the case over which the Court lacks jurisdiction. Unless Plaintiffs can plead at least one federal claim, this action must be dismissed.

**Plaintiff Pogue's Standing**

On January 11, the Court ordered Plaintiff Leon-Qiyam Pogue to show why he has standing to bring his claims. The Court is required to raise jurisdictional issues, sua sponte if necessary. *Mt. Healthy*, 429 U.S. at 278. This includes Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992).

The Court cautioned Pogue that the burden fell on him to show he has standing, *see id.* at 560, and that until he did, jurisdiction is presumed to be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pogue filed a response, which almost entirely fails to address injury-in-fact or traceability under *Lujan*.

/ / /

Pogue's response argues vehemently that his rights were violated, and that this by itself is enough to establish standing. His interest in the property appeared to be indirect and speculative, however. The Court's order pointed out that Pogue said he had been living in a homeless shelter in downtown San Diego for the past seven years. Accepting that as true, it was unclear what interest of his in the Sikkings' property was invaded. To be sure, the Sikkings' loss of their home amounts an injury-in-fact for them. But it does not follow that Pogue, whose relationship with the Sikkings appeared to be entirely contractual, did.

Pogue alleged he had an agreement with the Sikkings to perform maintenance on the property. In is reply, he explains that the Sikkings agreed to compensate him for this out of rent proceeds or the sale of their home. But his interest in that contract appears to be incidental to any duty Defendants may have owed to the Sikkings, or any interest the Sikkings may have had in owning their property. *See In re Gold Strike Heights Homeowners Ass'n*, 2018 WL 3405473, at *6 (9th Cir. B.A.P. July 12, 2018) (holding that non-owner's contractual relationship with property owner did not confer standing to sue for wrongful foreclosure). *See also Dang v. Oakland Police Dept.*, 2014 WL 793613, at *12 (N.D. Cal., Feb. 26, 2014) (non-party to promissory note lacked standing to challenge nonjudicial foreclosure).

Pogue also fails to show that any of his claimed injuries are fairly traceable to Defendants. The Sikkings' failure to pay Pogue for work he did on the property, and the death of Pogue's common law wife in a car accident long after the eviction are not fairly traceable to Defendants.

The only point in Pogue's response addressing anything in the Court's order to show cause is his claim that he stored tools and other property at the Sikkings' house, and that at the time of the eviction Griswold would not allow Pogue to enter the house to retrieve them. He also argues that Griswold had Jeff Sikking handcuffed, but that injury is Sikking's, not Pogue's. Pogue says Griswold

threatened to have him arrested, but does not say he was ever arrested or even detained. Griswold is the only Defendant alleged to have participated in these actions. While loss of his tools would amount to an injury-in-fact, the Court lacks jurisdiction over claims against Griswold, as discussed above.

The Court therefore finds he has not met his burden of establishing jurisdiction over any of his claims. Pogue's claims are **DISMISSED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND,** for lack of jurisdiction.

**Conclusion and Order**

For the reasons set forth above, all claims by Plaintiff Pogue are **DISMISSED** for lack of jurisdiction. The motions to dismiss are **GRANTED IN PART**. All claims against Defendant Griswold are **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND**, for lack of jurisdiction. All other claims are **DISMISSED** for failure to state a claim and failure to invoke the Court's jurisdiction. Abstention is likely appropriate. However, Plaintiffs cannot plead at least one substantial federal claim, this action can be dismissed without the need for abstention.

No later than **28 calendar days from the date this order is issued**, Plaintiffs may seek leave to file a third amended complaint. They should file an *ex parte* motion for leave to amend that complies fully with Civil Local Rule 15. An *ex parte* motion that does not comply fully with this rule may be rejected for filing, which could result in dismissal of the case.

The proposed third amended complaint must correct the defects this order has identified. It must not include claims against Griswold, Chase Bank, or any of the previously-dismissed Defendants.

Defendants may file an opposition within **21 calendar days of the date a motion for leave to amend is filed**.

/ / /

/ / /

If Plaintiffs fail to show that they can successfully amend their complaint or fail to file an *ex parte* motion within in the time permitted, this action may be dismissed without further notice to them.

**IT IS SO ORDERED**.

Dated: February 1, 2021

_____
Honorable Larry Alan Burns
United States District Judge