UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING, et al.<br><br>                   Plaintiffs,<br><br>v.<br><br>RICHARDSON C. GRISWOLD, et al.<br><br>                   Defendants. | Case No.:   19CV1004-LAB (KSC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL** |

    In their motions to dismiss, Defendants raised the defenses of res judicata and collateral estoppel, and also asked the Court to abstain under *Younger v. Harris*, 401 U.S. 37 (1971). Because the status of the state court nuisance action that these arguments referenced was not clear, the Court ordered Defendants to brief the status of the state court case. Specifically, the Court needed to know whether final judgment had been entered in that case. Defendant Richardson Griswold filed a response (Docket no. 100) making clear the state court action was still pending.

    On February 1, the Court issued an order granting in part the motions to dismiss, and giving Plaintiffs 28 calendar days to seek leave to file a third amended complaint. After the court issued its ruling, Plaintiffs submitted a document

identifying itself as a response to Griswold's filing. The Court accepted it by discrepancy order.

The document has hardly anything to do with Richardson's response. Instead, it argues that the Court has committed numerous errors and that Plaintiffs have been cheated both in this Court and in the state court action. Because Plaintiffs filed this after the Court's order granting in part the motions to dismiss, and because it appears to be addressed to the Court's rulings there as well as some of its earlier orders, the Court construes this filing as an unauthorized renewed motion for reconsideration. So construed, it is **DENIED**.

The motion argues that Griswold lied to the state court, and that Jeff and Barbara Sikking were fee owners of the property in question. No one disputes that the Sikkings owned the property, however. If they were not owners, there would have been no reason for the City of San Diego to bring the nuisance action against them. And, to the extent Plaintiffs believe the state court has made errors or has been deceived, they can bring it to that court's attention and seek relief there. With exceptions inapplicable here, this Court has no authority to supervise ongoing nuisance abatement proceedings in the state court. *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1045, 1048 (9th Cir. 2019) (holding that nuisance abatement action implicated important state interests, and that district court properly abstained under *Younger* from enjoining or interfering with those ongoing proceedings).

Plaintiffs have been cautioned before about requirements for reconsideration. Their latest motion also fails to meet those requirements. If Plaintiffs believe the Court has made an error, they can file an appeal as authorized by law.

/ / /
/ / /
/ / /

If Plaintiffs believe they can successfully amend, they should work diligently on their motion, as permitted by the February 1 order.

**IT IS SO ORDERED**.

Dated: February 17, 2021

Honorable Larry Alan Burns
United States District Judge