UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING, et al.<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>RICHARD C. GRISWOLD, et al.<br><br>　　　　　　　　Defendants. | Case No.:   19CV1004-LAB (KSC)<br><br>**ORDER OF DISMISSAL** |

On February 1, 2021, the Court granted in part Defendants' motions to dismiss and directed Plaintiffs, if they thought theyr could successfully amend, to file an *ex parte* motion for leave to amend. That motion, they were cautioned, had to comply fully with Civil Local Rule 15.1 and was not to include any claims against Defendants Griswold, Chase Bank, or any other previously-dismissed defendants. The Court also dismissed claims by Plaintiff Leon Qiyam-Pogue for failure to show that the Court had jurisdiction over his claims. The Court permitted Plaintiffs Barbara and Jeff Sikking to seek leave to file an amended complaint, within certain limits. They were required to comply with Civil Local Rule 15.1 and not to include claims dismissed without leave to amend.

On March 1, Plaintiffs submitted an extremely lengthy amended complaint that ignored virtually everything in the Court's February 1 order. The Court rejected

it by discrepancy order (Docket no. 116), which identified what was wrong with it and why it would not be accepted for filing. The Court then issued an order (Docket no. 117) explaining in detail what Plaintiffs had failed to do and what they needed to do, and *sua sponte* extending to March 15, 2021 the deadline to seek leave to amend. The order pointed out that Plaintiffs had not been diligent in prosecuting their claims, that they had repeatedly ignored or disobeyed the Court's orders, and that they had spent a great deal of time preparing and submitting lengthy unsolicited, unauthorized, and baseless motions for reconsideration. The Court cautioned them that, although it intended to decide the case on the merits if *reasonably* possible, see *Pena v. Seguros la Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985), they were nearing the limit. The order made clear the Court did not intend to permit them to burden their opponents or to continue squandering scarce judicial resources.

Of the more than 120 docket entries, over a quarter are notices that mail sent to Pogue was returned as undeliverable. Although Pogue was ordered to update his address (*see* Docket nos. 83, 86), he has not done so. An additional 23 docket entries are discrepancy orders, issued because a proposed filing did not comply with rules or with the Court's orders. Plaintiffs also submitted multiple notices of reconsideration and a motion to disqualify the assigned judge, and took an interlocutory appeal that was dismissed for lack of jurisdiction. Plaintiffs are obviously active and able to file things. However, they are not following the Court's orders or applicable rules — even when those rules have been pointed out to them. Instead, they are focusing their energies and efforts on matters they have been told not to, which do not advance the litigation.

The Court has done its best to ensure that Plaintiffs, as *pro se* litigants, did not forfeit their claims because of their ignorance of technical requirements. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Because Plaintiffs are proceeding *pro se*, the Court has reviewed their pleadings to

determine, to the extent feasible, whether they have any substantial meritorious claims, but it has been unable to find any.

Plaintiffs' claims arise from a state court-ordered eviction in the course of a nuisance action. The nuisance action is still pending in state court, and Plaintiffs are attempting to sue the court-appointed receiver in that action. The Court has made clear it does not intend to act to restrain the state court action. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10–11 (1987). Instead, it appears abstention under *Younger v. Harris*, 401 U.S. 37 (1971) or possibly *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) is likely appropriate — assuming Plaintiffs could plead any claims.

The three remaining Defendants are Richardson Griswold; the City of San Diego; and the San Diego City Planning & Development, Code Enforcement Division. As receiver, Griswold appears to be absolutely immune under *Mullis v. U.S. Bkrtcy Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). No allegations connect either the City or the Division with any wrongdoing; rather, they allege these two Defendants "sat idly by" while Griswold committed various wrongs against Plaintiffs in connection with the eviction. Even if any claims had been pled against them, the Court noted, they were likely shielded by quasi-judicial immunity, because in assisting with the court-ordered eviction, they were carrying out the court's orders and acting under its authority.

The Court also found that several claims representing efforts to sue Defendants under statutes lacking a private right of action could not be salvaged by amendment. In short, the Court could not find any viable claims.

While policy favors deciding cases on the merits "[w]henever it is reasonably possible," *see Pena v. Seguros la Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985), at some point it is no longer reasonably possible to do so. The Court can dismiss for failure to obey its orders or applicable rules. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before doing so, the Court weighs factors, including

the public's interest in expeditious resolution of litigation; the Court's need to manage its docket; the risk of prejudice to defendants; the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *Id*. (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

As the discussion above shows, this case has dragged on without any resolution in sight, and has consumed inordinate amounts of the Court's time and resources. It has also imposed burdens on Defendants, who appear to be absolutely immune. And it threatens to disrupt an ongoing state court nuisance case. The first three factors all favor dismissal. While the Court has attempted to steer the case towards a final just resolution, allowing it to remain open is no longer feasible. Plaintiffs have shown little inclination to move their case towards readiness for trial, preferring instead to raise collateral issues that serve only to harass and delay. Allowing them to continue would unfairly impose burdens on Defendants. What is more, because Plaintiffs appear to have no viable claims, allowing it to go forward would not afford them any relief. Having considered all factors, the Court finds they are all either neutral or favor dismissal, and that dismissal is warranted.

This action is **DISMISSED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**, for failure to invoke the Court's jurisdiction, for failure to obey the Court's orders and applicable rules, and for failure to prosecute. The Clerk is directed to close the docket.

**IT IS SO ORDERED**.

Dated: April 5, 2021

*Larry A. Burns*
Honorable Larry Alan Burns
United States District Judge