UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SIKKING, et al.<br><br>                Plaintiffs,<br><br>v.<br><br>RICHARD C. GRISWOLD, et al.<br><br>                Defendants. | Case No.:   19CV1004-LAB (KSC)<br><br>**ORDER REQUIRING CLARIFICATION OF NOTICE OF APPEAL** |

    The Court dismissed claims by Plaintiff Leon-Qiyam Pogue (*see* Docket nos. 104, 109, 117) and later dismissed the action in its entirety. *See* Docket no. 128.) One or more of the Plaintiffs then filed a notice of appeal. (Docket no. 130.) The notice says the appeal is being taken as to the final order of dismissal by "Leon-Qiyam Pogue, et al." The notice is signed only by Pogue, however.

    Notices of appeal must identify the parties bringing the appeal, and must be signed as required by Fed. R. Civ. P. 11(a). *See Becker v. Montgomery*, 532 U.S. 757, 765–68 (2001). Here it is not clear whether Pogue is the only appellant, or whether Jeff and Barbara Sikking are also joining in the appeal but failed to sign the notice. *See* Fed. R. App. P. 3(c)(1)(A) (requirements for specifying parties filing a notice of appeal). If the Sikkings are joining in the notice of appeal, they must promptly correct their failure to sign the notice as required by Fed. R. Civ. P. 11(a).

*See id.* at 760 (holding that an unsigned notice of appeal is effective, "so long as the appellant promptly supplies the signature once the omission is called to his attention.")

**IT IS SO ORDERED**.

Dated: April 19, 2021

　　　　　　　　　　　　　　　*[signature]*
Honorable Larry Alan Burns
United States District Judge